**Verna Irene Crofts, Plaintiff-Appellant, v. Board of Education of City of Chicago, a Body Politic and Corporate, Defendant-Appellee.**

Gen. No. 52,332.

First District, Second Division.

January 21, 1969.

Ligtenberg, Goebel & DeJong, of Chicago (John Ligtenberg, of counsel), for appellant.

James W. Coffey, of Chicago (John T. Mehigan and Richard E. Girard, of counsel), for appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

The plaintiff, Verna Irene Crofts, appeals from an order denying her motion for summary judgment and granting a motion for summary judgment presented by the de-

fendant, Board of Education of the City of Chicago (hereinafter referred to as the Board). Judgment was entered in favor of the defendant, against the plaintiff, and the cause was dismissed.

In her amended complaint at law for declaratory judgment, money due, and other relief, the plaintiff alleged, inter alia, that she had been a certificated teacher in and for the public schools of the City of Chicago from 1922 to 1964; that in 1934 she was awarded the degree of Master of Arts from the University of Illinois with a major in English; that in 1956 she was awarded a Fulbright Scholarship by the United States government to teach English in Syria during the 1956–57 school year whereby the Board granted her a special leave of absence for that period; that while waiting in Greece on this assignment, the plaintiff contracted poliomyelitis requiring her to return to the United States where she underwent hospitalization and treatment for several months; that on July 13, 1957, the plaintiff resigned as a teacher effective as of February 7, 1957; that on February 9, 1960, the Board granted the plaintiff a temporary teaching certificate in high school English effective February 15, 1960, at Spalding High School (a school for physically handicapped students providing for persons who have difficulty in ambulation) which assignment was cancelled by the Board on February 24, 1960.

Continuing, the complaint alleged that within three years succeeding the effective date of her resignation, the plaintiff recovered her health, was in full possession of all her faculties, and was able to function in a normal manner as a high school English teacher, except that she had lost the use of her legs due to poliomyelitis and was paralyzed from the waist down, making it necessary for her to use braces and crutches or to go about in a wheelchair; that she applied for reinstatement as a teacher possessing a regular teaching certificate and did so within three years after the effective date of her

141

■■■■■■■■■■■■
■■■■

resignation; that on April 13, 1960, the Board adopted a resolution which extended the validity of the plaintiff's regular certificate to September 15, 1960; that prior to September 15, 1960, the Board of Examiners of the Board of Education of the City of Chicago refused to reinstate this certificate and on September 14, 1960, the plaintiff filed a petition for a writ of mandamus against the Board; that on December 14, 1960, the defendant again awarded the plaintiff a temporary high school English teaching certificate, limited, on the advice of the Director of Medical and School Health Services, to an assignment on a temporary basis to a school which had physical facilities such as ramps, wide halls, elevators and other similar conveniences to aid the plaintiff who was able to get around in a wheelchair; that the plaintiff was assigned to teach and did teach at Spalding High School beginning on or about January 3, 1961, and that she was scheduled for an annual health examination during the period of her employment which was authorized by her temporary teaching certificate; that on December 15, 1960, the mandamus petition was dismissed by stipulation of the attorneys for both sides; that the plaintiff continued to teach at Spalding High School from 1961 to June, 1964, pursuant to temporary teaching certificates issued by the defendant from time to time and after passing annual health examinations; that the plaintiff reached the mandatory retirement age of 65 in 1967, but was not employed by the Board for the school years 1964–65, 1965–66, and 1966–67.

The complaint concluded with a prayer that the plaintiff be issued a regular teacher's certificate and that a money judgment be entered in her favor with statutory interest equal to the difference between the substitute teacher's salary actually paid the plaintiff pursuant to the temporary teaching certificates and the salary to which she was entitled as the alleged holder of a regular teacher's certificate for the period from January 3, 1961,

to June, 1964, when the plaintiff was employed at Spalding High School, as well as for the period of June, 1960, to December, 1960, when the plaintiff was either employed at the Board's Bureau of Curriculum or was unemployed; and, in addition thereto, that a money judgment with statutory interest be entered in favor of the plaintiff for the school years 1964–65 through and including 1966–67 during which period of time the plaintiff was denied an assignment, but when she was allegedly entitled to a salary as the holder of a regular certificate to teach high school English, since she had not been dismissed pursuant to the statutes of Illinois pertaining to a teacher possessing tenure.

In its answer, the Board admitted, inter alia, that the plaintiff contracted poliomyelitis while in Greece awaiting service in Syria pursuant to the Fulbright Scholarship grant; that the plaintiff resigned effective February 7, 1957, but, further answering, the Board alleged that under its Rules (section 4–27), the plaintiff's regular teacher's certificate remained valid for a period of three years from the effective date of such resignation, meaning that her regular teacher's certificate terminated on February 7, 1960, (i. e., plaintiff lost tenure on that date and with it, the rights of a regular teacher regarding statutory dismissal procedures). Furthermore, the Board admitted the physical handicap of the plaintiff and stated that before her regular teacher's certificate had expired, the plaintiff was examined by the Board's doctors on four separate occasions. These physicians noted that the plaintiff had complete paralysis of her left leg and almost complete paralysis of her right leg and she should not attempt to leave her wheelchair as she greatly increased her chance of slipping or falling when she attempted to walk with braces or crutches. The answer also alleged that the plaintiff was examined on seven other occasions between 1960 and the date of her last employment in 1964 and her physical condition

was found to be unchanged, although she was able to stand with the use of crutches and could use the crutches to walk, but with difficulty.

Continuing, the answer stated that at no time after the resignation of the plaintiff, effective February 7, 1957, was a recommendation made to the Board of Examiners that the plaintiff be reappointed as a teacher on a regular certificate, nor subsequent to February 7, 1957, was she reappointed as a teacher on a regular certificate pursuant to the Rules of the defendant Board; that the plaintiff's temporary employment at the Spalding High School was on a temporary teaching certificate and was based on the plaintiff's plea that she needed three more years of teaching service to qualify for the maximum pension; that the plaintiff was so employed, for the additional reason that she was not found medically qualified for appointment to any teaching position except at Spalding High School, which is specially equipped with ramps, wide halls and elevators. Furthermore, the answer stated that the resolution of the Board on April 13, 1960, which purported to extend the validity of the plaintiff's regular teacher's certificate to September 15, 1960, was a nullity, because under the defendant's Rules (section 4–27), the plaintiff's regular certificate had terminated due to the lapse of time and her inability to pass a health examination before this resolution was adopted and hence the certificate could not be legally revived by any action of the Board. In conclusion, the answer admitted that the plaintiff was employed at Spalding High School from January to June, 1961, and the 1961–62 through and including the 1963–64 school years, but on a temporary teaching certificate and on a temporary basis due to her physical condition, as she could not and did not perform the duties of a high school English teacher on a regular teaching certificate, nor was she entitled under the Board's Rules (section 4–27) to be so assigned, nor should she be paid as such.

144

Subsequently, the Board filed its motion for summary judgment supported by the affidavit of Dr. Abrams, its director of the Bureau of Medical and School Health Services, and by the affidavit of Edna C. Hickey, its director of the Bureau of Teacher Personnel. The medical affidavit stated that the affiant had responsibility for health examinations of candidates for teaching certificates in the Chicago public schools; that the plaintiff had been examined on three occasions prior to the date her regular teacher's certificate expired and on seven later occasions; that because of her condition, she did not pass the health examination required for reappointment on a regular teacher's certificate but was given qualified medical approval, limited to employment on a temporary basis, in a protective environment at Spalding School for Crippled Children, which school is equipped with elevators, wide halls, ramps and other equipment for the handicapped. The affidavit concluded with this statement: "Based on my examination, she would not be able to take care of children in any physical way in an emergency and the protective environment would be mainly for her own protection."

The other affidavit stated that the affiant, Edna Hickey, had direct, supervisory responsibility for administering and coordinating all teacher appointments, employment, transfers, salary schedules and leaves of absence in the Chicago public schools; that the plaintiff resigned as a teacher effective February 7, 1957, and failed thereafter to pass a health examination required by Board Rule 4–27 before a teacher could be reappointed on a regular teaching certificate; and that the plaintiff requested employment at Spalding to increase her pension rights, which were increased by $139.64 per month for life, as a result of her teaching at Spalding High School for over three years.

The plaintiff filed counteraffidavits denying the crucial contentions urged in the Board's affidavits and also

145

filed her own affidavit in support of her motion for summary judgment.

In seeking an outright reversal of the trial court judgment and the entry of a judgment in her favor, the plaintiff contends that she never lost tenure under section 4–27 of the Board's Rules, although she resigned, because: (1) she applied for reinstatement of her regular teacher's certificate before the three-year period had expired on February 7, 1960; (2) her application received active consideration and the Board extended her regular teacher's certificate by its April 13, 1960, resolution; and (3) her employment subsequent to April 13, 1960, served to indefinitely extend her regular teacher's certificate as a high school teacher of English, since she had passed at least ten medical examinations and actually served as a full-time teacher for $3\frac{1}{2}$ years. Alternatively, in seeking reversal and remandment, the plaintiff contends that there are present in this case disputed questions of material fact requiring a trial on the issues and not the entry of summary judgment.

It is undisputed in this case that the plaintiff enjoyed the rights of a tenure teacher when she was unfortunately stricken with poliomyelitis in 1956 at the age of fifty-four and after completing over thirty years of service with the Board in its public schools. It is also undisputed that she resigned from her teaching position effective February 7, 1957. In seeking reversal of the trial court's judgment and entry of a judgment in her favor, the plaintiff contends that her case is bottomed on two interdependent factors: (a) the April 13, 1960, resolution of the Board which extended the validity of her regular teacher's certificate to September 15, 1960; and (b) her continued service as a teacher under this extended certificate which served to continue her tenure status indefinitely. It is to be noted that if the plaintiff did, in fact, possess tenure status after the April 13, 1960, Board resolution, she was not dismissed in ac-

146

cordance with the statutory procedures applicable to tenure teachers in the Chicago public schools system. See Ill Rev Stats (1965), c 122, § 34–85.

We are of the opinion that our ultimate decision in this case rests upon an interpretation of section 4–27 of the Rules of the defendant Board which provides:

> "(Extension of Certificate after Termination of Service.) In case the holder of a certificate of . . . high school teacher, . . . shall leave the service of the Board of Education after having rendered active service under such certificate for at least one year, the certificate shall remain valid for three years from the date of termination of service. . . .

> "A former . . . teacher who holds a valid certificate, whose efficiency rating was satisfactory or better at the time of the termination of service, *and who passes a health examination given by a medical examiner selected by the General Superintendent of Schools,* may apply for re-appointment. . . . Should application for re-appointment be made during the life of the certificate, such certificate may be extended in the manner herein provided, until the holder is offered an assignment. . . ." (Emphasis supplied.)

██ The plaintiff attempts to use the last quoted sentence of the above rule to support the argument that since she applied for reappointment as a regular teacher within three years after her resignation and hence during the life of her certificate and, in addition, the defendant Board extended her regular certificate in April, 1960, to September 15, 1960, her continued service as a teacher at Spalding High School pursuant to her assignment served to cause her to retain tenure status until the end of the school year in which she attained age sixty-five, or 1966–67. Such an argument tends to overlook the fact that this sentence is contained in the

147

same paragraph which requires successful passing of a health examination. We are of the opinion that the more reasonable interpretation of these two sentences is that if the applicant applies for reappointment during the life of the certificate, but after resignation, and passes the health examination, his or her regular teacher's certificate will not expire if the teacher is without an assignment, but rather the certificate may be extended until the teacher is offered an assignment. To adopt the interpretation urged by the plaintiff would be to negate the express words in the rule requiring a resigned teacher to pass a health examination given by a specific medical examiner.

▮ In Meredith v. Board of Education of Community Unit School Dist. No. 7, Christian County, 7 Ill App 2d 477, 486, 130 NE2d 5, 10 (1955), the court stated:

> ". . . The best interest of the schools of the district is the guiding star of the Board of Education and for the courts to interfere with the exercise of the powers of the Board in that respect is unwarranted assumption of authority and can only be justified in cases where the Board has acted maliciously, capriciously and arbitrarily."

The Meredith case involved a tenure teacher being dismissed for cause, rather than a teacher suing for monetary damages, but the spirit of the passage from the cited case is applicable to the facts of the instant case.

▮ The plaintiff does not contend that there was any fraud, collusion or discrimination in the physical examination given her nor does she question the honesty and good faith of the examining physicians. She does contend that their medical judgment, regarding her not being able to work in a school other than one for the physically handicapped, is erroneous. We are reluctant to interfere with the Board and its medical examiners in this area of discretion and judgment, absent a showing

148

of a traditional basis for judicial intervention such as fraud or collusion, etc. Therefore, this argument of the plaintiff cannot be sustained.

The plaintiff also contends that the health examination requirements of the Board of Examiners of the Board of Education of the City of Chicago only provide for two health classifications: Group I (accepted) and Group II (rejected), and do not provide for any "half-way house" classification. It is contended that the plaintiff was placed into such a "half-way house" classification because she was allowed to teach, although the defendant Board asserted that she did not pass a health examination. However, such an argument fails to consider that the Board of Examiners of the Board of Education of the City of Chicago and the Board of Education of the City of Chicago (defendant herein) are two separate entities so created by our legislature. See Ill Rev Stats (1965), c 122, § 34–2 (Board of Education) and § 34–83 (Board of Examiners). The instant case involves an interpretation of a rule of only the defendant Board of Education of the City of Chicago which rule requires that a teacher who has resigned must pass a health examination given by a specific physician before the teacher is reappointed under a regular teacher's certificate. Therefore, the health examination requirements of the Board of Examiners of the Board of Education are not relevant to the issues on appeal.

■ ■ The April 13, 1960 resolution of the defendant Board which purportedly extended the plaintiff's regular teaching certificate to September 15, 1960, was a nullity. Over three years had passed since the plaintiff had resigned and she had not passed a health examination as required by the Board's own rule. In Cartan v. Gregory, 329 Ill App 307, 314, 68 NE2d 193, 197 (1946) and in Lindblom v. Doherty, 102 Ill App 14, 29 (1902), it was held that the Civil Service Commission was bound to act pursuant to its own rules. In like manner, the de-

fendant Board of Education must also act following its rules. The plaintiff did not possess tenure status after February 7, 1960, since she did not pass the health examination as required by the rules of her employer for all regular teachers who have resigned. She could therefore be dismissed without following the procedures enumerated in Ill Rev Stats (1965), c 122, § 34–85 which only apply to teachers possessing tenure.

 Finally, the plaintiff contends that summary judgment should not have been granted in this case as genuine issues of material fact are present. We have examined the pleadings and affidavits with accompanying exhibits filed by both parties in support of their respective motions for summary judgment. We are of the opinion that the material issue of fact in this case involves the employment status of the plaintiff as either a regular teacher or a temporary teacher. The affidavits filed in support of the respective motions for summary judgment show that the plaintiff was unable to pass the health examination required by the rule of her employer before the defendant Board could reappoint a resigned tenure teacher under a regular teacher's certificate. Therefore, the action of the trial court in granting summary judgment was correct.

The judgment is affirmed.

Judgment affirmed.

BURKE and McNAMARA, JJ., concur.