CHICAGO HIGH SCHOOL ASSISTANT PRINCIPALS ASSOCIATION, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellee.

(No. 56109;

First District—April 26, 1972.

Slater and Kahan, of Chicago, (Paul E. Slater, of counsel,) for appellant.

James W. Coffey, of Chicago, (John J. Dillon and Michael J. Murray, of counsel,) for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the judgment of the Circuit Court of Cook County denying a motion for temporary injunction to compel the defendant Board of Education to recognize the plaintiff association as the sole bargaining agent and representative of the Chicago High School assistant principals in all matters of employment.

The issue on appeal is whether the Board of Education may be legally compelled to recognize a particular organization as exclusive bargaining agent for a group of its employees.

The plaintiff organization is a voluntary organization of high school assistant principals employed by the Board in the high school system of the City of Chicago. On January 28, 1970, the Board entered into a written agreement for a term of one year, expiring December 31, 1970, with the Chicago Teachers union (Local No. 1, American Federation of Teachers, AFL-CIO). Under this agreement the Board recognized the Union as the exclusive bargaining agent for teachers. All full-time assistant principals were explicitly included within the term "teachers." The 1970 contract provided that no sooner than 90 days and no later than 60 days prior to the expiration date, any employee organization could request a new determination as to the majority status of the CTU with respect to being the authorized agent for that particular bargaining unit. On October 28, 1970, the plaintiff filed with the Secretary of the Board a petition containing the signatures of 164 of the 220-225 high school assistant principals who attempted to designate plaintiff as their collective bargaining agent. Article 48—1, the representation clause of the 1970 contract, required that any employee organization of the 1970 contract, required that any employee organization seeking recognition must first submit to the Board the "signatures of at least 50% of the

employees in the bargaining unit as defined in Article 1, Paragraph 1—1 * * *." The bargaining unit as defined therein numbered approximately 25,000 members and was comprised of: (a) full-time assistant principals, (b) playground teachers, (c) elementary and secondary teachers; (d) full-time truant officers, (e) school library clerks, (f) hearing testers, (g) vision testers, and (h) school clerks. The agreement contained no provision for severance of any of the above groups from the bargaining unit.

On January 13, 1971, two days before the negotiations for the 1971-1972 agreement were concluded, the plaintiff filed its complaint to compel the Board to recognize it as the exclusive bargaining agent for the high school assistant principals. An administrative assistant of the Board met with representatives of the assistant principals informally but no action was taken. On January 17, 1971, the bargaining unit ratified the new agreement by a vote of 7,126 to 1,243.

The high school assistant principals contend the CTU is an inappropriate bargaining unit for them because their duties are supervisory and administrative in character and there exists a conflict of interest between them and the teachers who constitute an overwhelming majority of the union. In denying the motion the lower court found:

"That the Board of Education collectively, but not by individual members, have the right and the power to recognize voluntarily any bargaining unit or representative, but does not have an enforceable duty so to do.

That the Plaintiff herein failed to comply with Sec. 48—1 of the Agreement between the Board and the Union for the years 1970-71, and prior years.

That the Plaintiff has failed to sustain its burden for temporary injunctive relief.

That upon the execution of the Agreement between the Union and the Board for the year 1/1/71 to 12/31/72 the issue herein is moot."

■■■ We are in agreement with the Circuit Court of Cook County that the Board of Education has the right to recognize voluntarily any bargaining unit or representative, but does not have an enforceable duty to do so. The assistant principals are employed by the Board on the basis of their teaching certificates and may be returned to teaching status at any time by the Board. In *Chicago Div. Ill. Ed. Ass'n v. Board of Ed.* (1966), 76 Ill. App.2d 456, the court held:

"We conclude that the Board of Education of the City of Chicago does not require legislative authority to enter into a collective bargaining agreement with a sole collective bargaining agency selected by its

teachers, and we hold that such an agreement is not against public policy."

In *Fort Smith v. Arkansas State Council* (1968), 245 Ark. 409, 433 S.W.2d 153, the Arkansas Supreme Court distinguished between voluntary collective bargaining by a public employer and an attempt to legally compel a public employer to recognize a particular organization:

"The court was in error in holding that the city was under a duty to bargain with the union's representatives. In the absence of statute to the contrary the cases have held almost without exception that a municipality or other political subdivision is under no duty (which we take to mean a legally enforceable duty) to bargain collectively with its employees about wages, hours or workings conditions. [Cases cited.]

\* \* \*

The objects of a political subdivision are governmental—not commercial. It is created for public purposes and has none of the peculiar characteristics of enterprises maintained for private gain."

Article 48—1 provides that a new determination of the bargaining unit requires the signatures of 50% of the employees of the bargaining unit, and there was no method providing for the severance of any of the represented categories of teachers. It is clear the Board wanted to deal with just one bargaining unit as the most efficient way of handling contract problems. There are eight categories of teachers in the CTU, and if each of these groups were allowed to carve out its own bargaining unit, the extended negotiations would work an undue hardship on the Board in carrying out its necessary public purpose.

It is settled that teachers have the right of free association, and unjustified interference with the teachers' associational freedom violates the Due Process clause of the Fourteenth Amendment. (*Shelton v. Tucker*, 364 U.S. 479; *McLaughlin v. Tilendis* (1968), 398 F.2d 287 (7th Cir.).) However, this right of free association does not limit the right of a governmental body to carry on in the public interest.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.