Cook County Police Association, Plaintiff-Appellee, *v.* The City of Harvey *et al.*, Defendants-Appellants.

(No. 55670;

First District—October 17, 1972.

148

Edward T. Havey and William F. Donahue, both of Chicago, for appellants.

Edward J. Copeland, of Foss, Schuman & Drake, and Arthur R. Loevy, both of Chicago, for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

The issue presented is whether a city can be compelled by mandatory injunction to recognize and bargain with an association representing its policemen.

In a complaint for "injunction and specific performance," the plaintiff Cook County Police Association, a corporation, alleged that defendants City of Harvey, its mayor James A. Haines and its commissioners William A. Schau, Alfred R. St. Aubin, William A. McLaren, Jr. and Donald Gillies have refused to recognize the Association as the bargaining agent and representative of patrolmen of the Harvey police department. After a hearing that proved plaintiff represented the patrolmen, the trial court issued a permanent mandatory injunction "* * * restraining and enjoining the defendants, City of Harvey, James A. Haines, William A. Schau, Alfred R. St. Aubin, William A. McLaren, Jr. and Donald Gillies from refusing to recognize the plaintiff, Cook County Police Association, as the duly authorized bargaining representative of its members who are uniformed patrolmen of the City of Harvey." In the same order, the trial judge directed plaintiff and defendants "* * * to bargain in good faith with each other with respect to matters relating to wages and other economic and non-economic working conditions."

Defendants contend that by law they had the discretion to decide whether plaintiff should be recognized and bargained with as the representative of Harvey patrolmen. Therefore, defendants argue, that the trial court erred when it interfered with their discretionary authority by issuance of the mandatory injunction.

It is well settled that a mandatory injunction is an extraordinary remedial process, one not a matter of right but granted only in cases of great necessity. (*Lyle v. City of Chicago*, 357 Ill. 41, 191 N.E. 255; *Egan v. Chicago, Aurora & Elgin Ry. Co.*, 19 Ill.App.2d 130, 136, 153 N.E.2d 286.) It is a writ that is regarded with judicial disfavor. *John Deere Co. of Moline v. Hinrichs*, 36 Ill.App.2d 255, 183 N.E.2d 309.

When laws vest public officials with discretionary power, a court will not interfere with exercise of that discretion unless fraud, corruption, oppression or gross injustice is shown. (*Stewart v. Department of Public Works and Buildings*, 336 Ill. 513, 518, 168 N.E. 372.) Generally, it is

said that courts should not interfere with discretionary action of public officers unless there is abuse that works palpable injustice or injury. (*Eveland v. Board of Education of Paris U.S. Dist.*, 340 Ill.App. 308, 320, 92 N.E.2d 182; and see 43 C.J.S. Injunctions, § 108b.) No abuse of discretion is present here. In fact, plaintiffs do not make such a claim.

■■■ Defendants, as corporate authorities of a municipality, and in the exercise of official discretion, could prescribe duties and powers of all police officers employed by the City of Harvey. (Ill. Rev. Stat. 1969, ch. 24, par. 11—1—2.) By law, the defendant commissioners had the power to regulate examinations, appointments and removals of Harvey policemen. (Ill. Rev. Stat. 1969, ch. 24, par. 10—1—5.) As a municipality, the City of Harvey possessed not only express statutory authority to deal with its policemen but also the authority implicitly necessary for the administration of its police force. Absent manifest and palpable abuse of discretion, the widom, necessity or propriety of any action taken by defendants in the exercise of the authority vested in them by law were for them to decide. *Hunt v. City of Peoria*, 30 Ill.2d 230, 231, 234, 195 N.E.2d 719; and see *People ex rel. Adamowski v. Wilson*, 20 Ill.2d 568, 170 N.E.2d 605.

■■ Moreover, neither case nor statutory law requires the City of Harvey or its governing officials to recognize plaintiff as the bargaining agent of patrolmen in the Harvey police force. Although in the exercise of official judgment the defendant city could voluntarily recognize and bargain with a representative of its policemen, it did not have an enforceable duty to do so. (See *Chicago High School Asst. Principals Assn. v. Board of Education*, 5 Ill.App.3d 672, 284 N.E.2d 14; *Chicago Div. of Ill. Ed. Assn. v. Board of Education*, 76 Ill.App.2d 456, 222 N.E.2d 243.) Absent a statute to the contrary, a municipality has no enforceable duty to recognize a representative of its employees or to bargain collectively with them about wages, hours, or working conditions. (*City of Fort Smith v. Arkansas State Council, No. 38* (1968), 245 Ark. 409, 433 S.W.2d 153; *American Fed. of State, County & Municipal Employees v. City of Keene* (1967), 108 N.H. 68, 227 A.2d 602.[1]) It follows that issuance of

---

[1] This appears to be the uniform holding throughout the country. For other cases, see *Nutter v. City of Santa Monica* (1946), 74 Cal.App.2d 292, 168 P.2d 741; *Fellows v. LaTronica* (1962), 151 Colo. 300, 377 P.2d 547; *Miami Water Works Local No. 654 v. City of Miami* (1946), 157 Fla. 445, 26 So.2d 194, 165 A.L.R. 967; *Local Union 283, Int. Bro. of Elec. Wkrs. v. Robison* (1967), 91 Idaho 445, 423 P.2d 999; *Wichita Public Schools Emp. U., Local No. 513 v. Smith* (1964), 194 Kan. 2, 397 P.2d 357; *City of Springfield v. Clouse* (1947), 356 Mo. 1239, 206 S.W.2d 539, distinguished but not overruled in *State ex rel. Moore v. Julian* (1949), 359 Mo. 539, 222 S.W.2d 720.

the permanent mandatory injunction was contrary to principles of law which are in a period of growth and change.[2] We conclude that the permanent mandatory injunction should not have issued in this case.

The judgment is reversed and the cause remanded with directions that the complaint be dismissed.

Reversed and remanded with directions.

STAMOS, P. J., and SCHWARTZ, J., concur.

---

[2] There was a time when public employees were denied the right to organize. This is no longer true. See *Perez v. Board of Police Commrs. of City of Los Angeles* (1947), 78 Cal.App.2d 638, 178 P.2d 537; Annot. 40 A.L.R.3d 728 (1971); compare *Tremblay v. Berlin Police Union* (1968), 108 N.H. 416, 237 A.2d 668; *United Federation of Postal Clerks v. Blount* (D.D.C. 1971), 325 F.Supp. 879, aff'd 404 U.S. 802, 92 S.Ct. 80, 30 L.Ed.2d 38; *Sheldon v. Tucker* (1960), 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231.