TIMOTHY F. SULLIVAN, JR., Plaintiff-Appellee and Cross-Appellant, *v.* JOSEPH P. HANNON, General Superintendent of Schools of the City of Chicago, *et al.*, Defendants-Appellants and Cross-Appellees.

First District (3rd Division)   No. 77-988

Opinion filed March 22, 1978.

Thomas F. Sullivan, Sr., of Homewood, for appellants.

Michael J. Murray, of Chicago (Leo Alt, Richard E. Girard, and James E. Riley, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This was an action for declaratory judgment brought by plaintiff, a Chicago public school teacher, against defendants, Board of Education of the City of Chicago and the General Superintendent of Schools. Plaintiff sought to compel the board to place him on a higher salary level in Lane IV of its salary schedule. On February 25, 1977, after a trial without a jury,

the trial court ordered that plaintiff be given Lane IV placement prospectively from the date of the order. Defendants appeal contending that the court erred in giving plaintiff such salary placement. Plaintiff has filed a cross-appeal urging that the trial court erred in ordering the placement prospectively rather than from February 9, 1974, when plaintiff claims to have become eligible for Lane IV placement.

The rules of the board provide placement of teachers at different levels, called lanes, of the salary schedule based on training and education. Section 4—28(a) of the rules provides in pertinent part as follows:

"Lane I requires a bachelor's degree,

Lane II requires a master's degree,

Lane III requires a master's degree plus thirty-six semester hours of graduate credit approved by the General Superintendent * * *

Lane IV requires a Ph.D. or Ed.D. degree * * *."

The salary schedule appendix of the collective bargaining agreement between the board and the Chicago Teachers Union, as it refers to regularly appointed teachers, recites in pertinent part as follows:

"Lane IV

Doctorate."

On February 9, 1974, plaintiff received a juris doctor degree and filed an application for placement on Lane IV. The board rejected plaintiff's application because he did not have either a Ph.D. or Ed.D. degree as required by its rules.

The School Code gives the board the statutory duty to fix the compensation and terms of employment of teachers, and to provide by rule for the general management and conduct of the schools. The School Code provides in part as follows:

"The board shall, subject to the limitations in this Article, prescribe the duties, compensation and terms of office of its officers and the duties, compensation and terms of employment of its employees * * *." Ill. Rev. Stat. 1975, ch. 122, par. 34—16.

"The board shall exercise general supervision and management of the public education and the public school system of the city, and shall have power:

* * *

8. Subject to the limitations in this Article, to prescribe the course and methods of study in the various schools and employ teachers and other educational employees and fix their compensation." Ill. Rev. Stat. 1975, ch. 122, par. 34—18.

"The board shall, subject to the limitations in this Article, establish by-laws, rules and regulations, which shall have the force of ordinances, for the proper maintenance of a uniform system of

discipline for both employees and pupils, and for the entire management of the schools * * *" Ill. Rev. Stat. 1975, ch. 122, par. 34—19.

■■■ In accordance with that statutory mandate the board adopted the aforementioned rule 4—28(a) which provided that a Ph.D. or Ed.D. degree was necessary for Lane IV salary placement. The board, like all administrative agencies, is bound to act in strict accordance with rules and regulations which it has made pursuant to statute. (*Sye v. Wood Dale Fire Protection District No. 1* (1976), 43 Ill. App. 3d 48, 356 N.E.2d 938.) The board must act in conformity with its rules. (*Crofts v. Board of Education* (1969), 105 Ill. App. 2d 139, 245 N.E.2d 87.) Rules which are lawfully adopted by the board pursuant to statutory authority have the force of law. (Ill. Rev. Stat. 1975, ch. 122, par. 34—19; *Margolin v. Public Mutual Fire Insurance Co.* (1972), 4 Ill. App. 3d 661, 281 N.E.2d 728.) In the present case, the board's rule requires that plaintiff have either a Ph.D. or Ed.D. degree to qualify for placement in Lane IV of the salary schedule. It is undisputed that plaintiff did not have either degree. Consequently, the board properly and necessarily rejected plaintiff's application in order to conform with its own rule.

■■ Plaintiff maintains, however, that the requirements of board rule 4—28(a) were superseded by language contained in the collective bargaining agreement between the board and the teachers' union which used the term "Doctorate" as the requirement for Lane IV placement. He argues that his juris doctor degree constituted a doctorate and entitled him to such placement. We do not accept his contention. We do not perceive any conflict between the board rule and the wording of the agreement. The general language in the agreement is qualified by the specific provisions of the rule. Moreover, even without a specific reference, a valid regulation which is in existence and applicable at the time a contract is made should be read into the contract. *Heifner v. Board of Education* (1975), 32 Ill. App. 3d 83, 335 N.E.2d 600.

Plaintiff also contends that his juris doctor degree was an equivalent degree entitling him to Lane IV placement. For that proposition and for his contention that the board has waived its requirement of a Ph.D. or Ed.D. degree, plaintiff relies on this court's holding in *People v. Board of Education* (1967), 86 Ill. App. 2d 298, 230 N.E.2d 85. In that case, the plaintiff teacher, Joseph Cinquino, received a Doctor of Letters degree from the University of Naples. In 1959 the board placed him in Lane IV, but in 1961 the board returned Cinquino to Lane III. In that case, the facts disclosed that 11 other teachers without Ph.D. or Ed.D. degrees had been placed in Lane IV. This court concluded that, since the board had not applied a literal interpretation of its own rule, Cinquino was entitled to Lane IV placement. The record in the present case, as reflected by the

board's answers to interrogatories, shows that since January 1, 1962, Lane IV placement has been given only to teachers holding Ph.D. or Ed.D. degrees with the exception of Cinquino who was so placed in accord with this court's order. Hence the board has strictly applied its rule 4—28(a), and it is for the board, within the reasonable exercise of its power, to make such a determination.

For the reasons stated, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

JIGANTI, P. J., and SIMON, J., concur.