BRENDA TOBIN *et al.*, Plaintiffs-Appellants, *v.* THE HEALTH AND HOSPITALS GOVERNING COMMISSION OF COOK COUNTY, Defendant-Appellee.

First District (4th Division)   No. 77-53

Opinion filed November 9, 1978.

John J. Muldoon, of Chicago, for appellants.

Vedder, Price, Kaufman & Kammholz, of Chicago (Robert C. Claus and John A. Relias, of counsel), for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

The plaintiffs, employees of defendant, The Health and Hospitals Governing Commission of Cook County (hereinafter referred to as the Commission), brought this action seeking a writ of mandamus commanding defendant to pay plaintiffs additional monies allegedly due them in salaries. The circuit court of Cook County granted defendant's motion for summary judgment. Upon appeal, we affirm.

The record reveals the facts to be as follows: Plaintiffs are employed to do clerical work at Cook County Hospital under the direction and control of the defendant Commission. The Commission, created pursuant to the County Hospitals Governing Commission Act (Ill. Rev. Stat. 1977, ch. 34, par. 5011 *et seq.*) (hereinafter referred to as the Act), is

empowered to perform the functions of organizing, operating, maintaining, and managing the various hospital facilities owned by Cook County, and to make and enter into contracts to accomplish these functions.

On August 6, 1971, a voluntary election agreement was executed between the American Federation of State, County and Municipal Employees, Local 1111, District Council AFL-CIO (hereinafter referred to as Local 1111) and the Commission. In December 1971, Local 1111 was elected the exclusive bargaining agent for Commission employees regularly employed at Cook County Hospital for 20 or more hours per week in certain classifications. These classifications included those positions filled by plaintiffs, but excluded all confidential employees, industrial relations and personnel department employees, technicals, professionals, and supervisors. Defendant and Local 1111 subsequently entered into a collective bargaining agreement prescribing the wages, hours, and other terms and conditions of employment for employees in the bargaining unit, including plaintiffs. This agreement expired March 16, 1975. Prior to the commencement of negotiations for a new contract, two representation elections were held, on September 17, 1975, and on June 29, 1976, to determine if Local 1111 continued to represent a majority of the employees in the bargaining unit. Local 1111 received a majority of the votes cast in both elections, and the defendant commenced collective bargaining negotiations.

On May 25, 1976, plaintiffs filed their complaint for mandamus requesting that defendant be compelled to pay the same wages to all "merit" employees in the same job classification and grade. Plaintiffs alleged that they were merit employees receiving wages disparate from wages paid to other merit employees in the same job classification and grade.

On July 19, 1976, the defendant filed its motion for summary judgment alleging (1) that the Commission possesses the authority to enter into a collective bargaining agreement with an exclusive bargaining agent selected by its employees, prescribing wage rates for those employees different from the wage rates paid to non-unit employees and (2) the Commission's actions in establishing those wage rates are not prohibited by its enabling legislation (Ill. Rev. Stat. 1975, ch. 34, par. 5011 *et seq.*). Defendant stated in its motion that any of defendant's employees who are employed in the same grade and classification as plaintiffs but receive different wages are not included in the bargaining unit because they either do not work at Cook County Hospital, are employed at positions in defendant's administrative offices, or are "confidential employees," "Industrial Relations employees," or "Personnel Department employees." On October 12, 1976, the circuit court granted defendant's motion for a summary judgment.

■■ The issue before this court is whether defendant, a public employer, could properly enter into a collective bargaining agreement with a collective bargaining agent selected by its employees and thereby pay unit employees wages different from those paid to comparable nonunit employees.

We find that here, the Commission acted within its legislative mandate, and, therefore, we affirm the decision of the trial court dismissing plaintiff's complaint.

The defendant, a public employer, is empowered to enter into collective bargaining agreements with an exclusive bargaining representative selected by its employees. (See *Wesclin Education Association v. Board of Education* (1975), 30 Ill. App. 3d 67, 331 N.E.2d 335; *Classroom Teachers Association v. Board of Education* (1973), 15 Ill. App. 3d 224, 304 N.E.2d 516; *Chicago Division, Illinois Education Association v. Board of Education* (1966), 76 Ill. App. 2d 456, 222 N.E.2d 243.) In the *Chicago Division* case, the appellate court upheld a trial court decision approving collective bargaining by the Board of Education of the City of Chicago with a sole collective bargaining agency to be selected by its teacher employees. The court stated:

> "We conclude that the Board of Education of the City of Chicago does not require legislative authority to enter into a collective bargaining agreement with a sole collective bargaining agency selected by its teachers, and we hold that such an agreement is not against public policy." (*Chicago Division*, at 472.)

The Commission, like the Board of Education of the City of Chicago, is a public employer and is empowered to perform certain governmental functions incidental to the operation, maintenance, and management of the hospital facilities owned by Cook County. Thus, although the Commission was not required to negotiate with Local 1111 (see *Cook County Police Association v. City of Harvey* (1972), 8 Ill. App. 3d 147, 289 N.E.2d 226), we conclude that in the exercise of its official judgment and discretion the Commission could voluntarily recognize and bargain with a representative selected by a majority of its employees.

■■ The defendant is further empowered to determine the parameters of a bargaining unit of its employees (see *Chicago High School Assistant Principals Association v. Board of Education* (1972), 5 Ill. App. 3d 672, 284 N.E.2d 14), and to establish a procedure for the severance of any represented categories of employees. Plaintiffs apparently seek to avoid any established method of severance from their bargaining unit. Furthermore, the members of a bargaining unit are bound by a collective bargaining agreement negotiated by their exclusive bargaining agent. (See *Emporium Capwell Co. v. Western Addition Community Organization* (1975), 420 U.S. 50, 43 L. Ed. 2d 12, 95 S. Ct. 977; *Ford*

*Motor Co. v. Huffman* (1953), 345 U.S. 330, 97 L. Ed. 1048, 73 S. Ct. 681.) In *Huffman,* the court stated:

> "Inevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees and classes of employees. The mere existence of such differences does not make them invalid. The complete satisfaction of all who are represented is hardly to be expected." *Huffman,* 354 U.S. 330, 338, 97 L. Ed. 1048, 1058, 73 S. Ct. 681.

Finally, we agree with defendant that its enabling legislation (Ill. Rev. Stat. 1977, ch. 34, par. 5011 *et seq.*) does not prohibit defendant from paying plaintiffs wages disparate from those paid to other merit system employees not included in plaintiffs' bargaining unit. Section 10 of the Act (Ill. Rev. Stat. 1977, ch. 34, par. 5020) empowers the Commission to fix all salaries, wages, or other compensation of all employees. Section 10 of the Act (Ill. Rev. Stat. 1977, ch. 34, par. 5026), which mandates that the Commission establish a merit system for its hospital employees, provides that this system shall pertain only to the appointment, training, promotion, transfers, layoff, removal, discipline, fringe benefits, and welfare of the employees, exclusive of employee wages.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.