REND LAKE COLLEGE FEDERATION OF TEACHERS, LOCAL 3708, Plaintiff-Appellant, *v.* BOARD OF COMMUNITY COLLEGE, DISTRICT NO. 521, a/k/a Rend Lake College, Defendant-Appellee.

Fifth District   No. 79-508

Opinion filed May 8, 1980.

Charles J. Kolker, of East St. Louis, for appellant.

R. Theodore Clark, Jr., and David Youngerman, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, and Donald G. Musick, of Musick & Mitchell, of Mt. Vernon, for appellee.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, the Rend Lake College Federation of Teachers, Local 3708 (hereinafter Union Local 3708), appeals from a judgment in the circuit court of Jefferson County. Their complaint, filed April 16, 1979, sought a writ of injunction prohibiting defendant, the Board of Community College District No. 521 (hereinafter the District), also known as Rend Lake College, from refusing to recognize Union Local 3708 as the chosen representative of the faculty of Rend Lake College for purposes of collective bargaining. On July 19, 1979, the circuit court granted defendant's motion to dismiss the complaint for failure to state a cause of action. Appellant challenges the propriety of that dismissal.

The issue on appeal is whether the defendant is compelled to recognize the plaintiff association as the sole bargaining agent and representative of the full-time faculty members of Rend Lake College, regarding matters of salary and general welfare, in view of regulations promulgated by the defendant pursuant to statutory authority.

Rend Lake College, a governmental corporation, is operated in accordance with legislation adopted under the Public Community College Act of 1965 (Ill. Rev. Stat. 1977, ch. 122, par. 101—1 et seq.), which enfranchises the Illinois Community College Board. It is given the authority to determine standards for instruction and administration of the various community colleges (Ill. Rev. Stat. 1977, ch. 122, par. 102—12(e)) and the power to make rules binding upon them (Ill. Rev. Stat. 1977, ch. 122, par. 102—4). Following upon that authority the State Board has adopted a policy manual which itself requires individual community college district boards to maintain their own policy manuals, one purpose of which is to define the responsibilities of the particular board and its employees. District 521 promulgated its policy manual in September and October of 1976. The particular regulation, section 3.7(2), at the heart of the present appeal reads:

> "In matters of salary and general welfare, the chosen representatives of the faculty shall meet with the President of the College or a designated representative of the President to work out proposals for Board approval."

On February 21, 1979, the District adopted the following resolution which it intended should serve as a clarifying interpretation of section 3.7(2):

> "In matters of salary and general welfare, the chosen representatives of the Faculty shall mean that the faculty shall choose representatives among the full-time faculty and only the full-time faculty and that it was never intended to mean individuals not employed full-time by Rend Lake College."

On February 13, 1979, the full-time faculty of Rend Lake Community College named Union Local 3708 as their official representative for purposes of collective bargaining, in an election strictly limited to their numbers. The plaintiff has since then unsuccessfully sought recognition as the bargaining agent of the teachers, the president of Rend Lake having refused to grant such recognition.

It is the position of the appellants that the District has adopted administrative regulations having the force and effect of law and that in its interpretation of the sections quoted above, and according to their plain meaning, it has fully complied with the requirements of section 3.7(2). It argues that if such is the case, then the District is bound, by the imprimatur of its own regulations, to recognize and bargain with the plaintiff as a matter of State law, independent of any other authority.

■■■ The parties do not dispute that neither the Federal constitution[1] nor any Federal legislation[2] compels the District to recognize Union Local 3708 as the exclusive bargaining agent of the faculty. To the same effect, in Illinois, it is clearly resolved that although a public employer, such as the District in this case, may choose to recognize a labor organization as the exclusive bargaining agent of its employees on a voluntary basis, in the exercise of its own discretionary judgment, it is under no enforceable legal duty to do so. (Compare *Cook County Police Association v. City of Harvey* (1972), 8 Ill. App. 3d 147, 149, 289 N.E.2d 226 (upholding the denial of an injunction sought in order to compel the city government to recognize an association of police officers for bargaining purposes), and *Chicago High School Assistant Principals Association v. Board of Education* (1972), 5 Ill. App. 3d 672, 674, 284 N.E.2d 14 (upholding the denial of a temporary injunction to compel recognition of the severance of the Assistant Principals Association from a larger bargaining unit of

---

[1] See *Smith v. Arkansas State Highway Employees, Local 1315* (1979), 441 U.S. 463, 60 L. Ed. 2d 360, 363, 99 S. Ct. 1826; *Hanover Township Federation of Teachers, Local 1954 v. Hanover Community School Corp.* (7th Cir. 1972), 457 F.2d 456, 461.

[2] See 29 U.S.C. §152(2), defining "employer" under the National Labor Relations Act as excluding "any state or political subdivision thereof, ° ° ° " and 29 U.S.C. §152(3) defining "employee" so as to exclude individuals employed by an employer exempt from the provisions of the Act. *Cf. National Labor Relations Board v. Yeshiva University* (1980), ___ U.S. ___, 63 L. Ed. 115, 100 S. Ct. 856, holding that university faculty members were "managerial" employees excluded from the coverage of the National Labor Relations Act and thus not entitled to the benefits of collective bargaining under the Act.

Chicago teachers which had previously been voluntarily recognized) with *Tobin v. Health & Hospitals Governing Com.* (1978), 66 Ill. App. 3d 564, 566, 384 N.E.2d 77 (affirming a decision denying a writ of mandamus directed at preventing the commission, which had voluntarily entered into a labor agreement with certain employees, from paying non-bargaining unit employees differing wages), and *Chicago Division of the Illinois Education Association v. Board of Education* (1966), 76 Ill. App. 2d 456, 472, 222 N.E.2d 243 (containing a thorough review of the authorities in this and other States as to the legitimacy of an administrative body's voluntary recognition of public employee organizations without express statutory provisions to such effect).) Thus, if not by compulsion of the regulation cited, there appears no authority which would support the plaintiff's position, since absent a clear abuse of discretion, judgments regarding the wisdom, necessity or propriety of positions and actions taken by the District in the execution of duties with which it has been statutorily entrusted reside wholly in its officials. (*Cook County Police Association v. City of Harvey* (1972), 8 Ill. App. 3d 147, 149.) While the State may not unjustifiably interfere with the first amendment rights of free association and expression of the faculty members (*Shelton v. Tucker* (1960), 364 U.S. 479, 487, 5 L. Ed. 2d 231, 81 S. Ct. 247), these rights do not limit the right of an administrative agency to conduct itself in what it deems to be the public interest and necessity. This is especially so where such governmental action in no way abridges these freedoms. See *Chicago High School Assistant Principals Association v. Board of Education* (1972), 5 Ill. App. 3d 672, 675; accord, *Smith v. Arkansas State Highway Employees, Local 1315* (1979), 441 U.S. 463, 464, 60 L. Ed. 2d 360, 362, 99 S. Ct. 1826, 1827-28.

■■ It is certainly true, as appellant contends, that the rules promulgated by the Board, acting in the capacity of an administrative agency, pursuant to statutory authority, have the binding force of law which must govern the Board's own actions. (See, *e.g., Sullivan v. Hannon* (1978), 58 Ill. App. 3d 572, 574, 374 N.E.2d 911; *Crofts v. Board of Education* (1969), 105 Ill. App. 2d 139, 149-50, 245 N.E.2d 87.) However, it is of tantamount importance that deference be given an administrative agency's own interpretation of the regulations which it has set forth. Plaintiff concedes that the same rules are used in construing agency regulations as are applied by the courts in the construction of statutes. (*Hetzer v. State Police Merit Board* (1977), 49 Ill. App. 3d 1045, 1047, 365 N.E.2d 261.) As in the case of statutes, we believe an administrative rule must be construed so as to discern and give effect to its intent. (*Rucker v. Wabash R.R. Co.* (7th Cir. 1969), 418 F.2d 146, 149.) Reviewing courts may interfere with the construction and application of regulations only where administrative interpretation is *plainly erroneous.* In all other instances

deference is to be shown by allowing great discretion in the distinctions made by those in whom the legislature has placed the authority to propound, interpret and apply statutes, rules, and resolutions. *Hetzer v. State Police Merit Board* (1977), 49 Ill. App. 3d 1045, 1047; *Scheffki v. Board of Fire & Police Commissioners* (1974), 23 Ill. App. 3d 971, 973, 320 N.E.2d 371; see generally *Heifner v. Board of Education* (1975), 32 Ill. App. 3d 83, 87, 335 N.E.2d 600; see also *Hardway v. Board of Education* (1971), 1 Ill. App. 3d 298, 301, 274 N.E.2d 213.

■ We find that the Board's interpretation of section 3.7(2), and of the resolution clarifying it, is not plainly erroneous. As we have indicated, the District has never been under any legal compulsion to recognize the union or any single representative of all faculty members as a body. The union local herein, by definition purports to be a single and exclusive bargaining agent which, as a body corporate, is neither a full-time faculty member nor employed full-time by the college. It is an organization of faculty members whose very title (Union Local 3708) carries the implication of an affiliation with other organizations of the sort, even if such bonds are in the nature of the most abstract fraternity. Perhaps the distinction appears subtle, but it must be remembered that the prerogative of power here rests with the District and that prerogative is the sole basis of the appellant's petition for relief.

■ The circuit court dismissed this action on the basis of the pleadings for failure to state a cause of action pursuant to which relief could be granted. A complaint may be dismissed for failure to state a cause of action where it clearly appears that no set of facts is capable of proof under the pleadings which would allow the plaintiff the relief sought. (*People ex rel. Council 19 of the American Federation of State, County & Municipal Employees v. Egan* (1977), 52 Ill. App. 3d 1042, 1045, 368 N.E.2d 481.) The instant litigation presents such a situation, and accordingly we affirm the decision of the circuit court of Jefferson County.

Affirmed.

KARNS and SPOMER, JJ., concur.