ERNESTINE BIGGS et al., Plaintiffs-Appellees, v. THE DEPARTMENT OF REGISTRATION AND EDUCATION et al., Defendants-Appellants.

First District (2nd Division)   No. 78-357

Opinion filed April 10, 1979.

William J. Scott, Attorney General, of Chicago (Gail A. Moreland, Assistant Attorney General, of counsel), for appellants.

Meyer & Frost, of Chicago (William J. Bates, of counsel), for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

This appeal is brought by the Illinois Department of Registration and Education to set aside an order of the circuit court of Cook County which reversed the Department's order to suspend for 30 days the funeral directors licenses of Ernestine Biggs and Eva Janney.

The sole issue on appeal is whether the trial court's finding was against the manifest weight of the evidence.

In August 1976, the Department of Registration and Education (hereinafter the Department) filed a complaint against plaintiffs Ernestine Biggs and Eva Janney, alleging their violation of "An Act in relation to the regulation of persons engaged in the practice of funeral directing * * *" (Ill. Rev. Stat. 1975, ch. 111½, pars. 73.10(e), (f), (j), 73.20(f)) (hereinafter cited as the Funeral Directors and Embalmers Act) in permitting an unlicensed employee to act as a funeral director.[1]

At the administrative hearing, Mrs. Frances Hudson testified that in December 1975, she went to Biggs and Biggs Funeral Home, located in Chicago, accompanied by her daughter and son-in-law to arrange for her son's funeral. They were referred to Dennis Bailey, with whom Mrs. Hudson testified all arrangements were made. She stated that Bailey interviewed them, ascertained what services they desired, helped them select a casket, gave them prices on different lots, asked questions about payment, signed the contract on behalf of the funeral home, and told them he would pick up the body from the morgue. After their initial meeting, Bailey telephoned and told her she would have to bring clothes for the deceased. Thereafter, Bailey called again to inform her that a larger casket than the one she had selected would be needed, and there would be an additional charge. On the day of the funeral, Bailey led people in to view the body. After the funeral, Mrs. Hudson turned the matter over to her daughter.

Her daughter, Florence Rankin, testified that after the funeral she called Bailey to inquire whether the insurance company had paid the bill. Bailey told her the bill had not been paid. Thereafter, she received the bill

---

[1] The Funeral Directors and Embalmers Act at the time this action was brought was included in chapter 111½ of the Illinois Revised Statutes, pars. 73.1 to 73.31. In 1977, this act was transferred to chapter 111 and is now pars. 2801 to 2843.

and noticed an additional charge. She called the funeral home and talked with Eva Janney who told her the additional charge was for the extra length needed for the casket and grave opening. Believing they had been overcharged, the Hudson family filed a complaint with the Department.

Harold Tecktiel, a Department investigator, testified that he spoke with Eva Janney about the Hudson complaint. He stated that as part of his duties as an investigator, he verified the licenses of those employed at the funeral home and found that Dennis Bailey, whom Mrs. Janney told him was a funeral director, was unlicensed.

Eva Janney testified that she originally hired Bailey as a driver in July 1975. In October, she needed an apprentice and hired Bailey at the recommendation of another funeral director and took Bailey's word that he was a licensed trainee. Admitting that it was not general practice to hire people on their word, she explained that during this time, help was difficult to obtain since a strike in the industry was expected. The strike occurred in November 1975. She stated that during the strike, several funeral homes created a cooperative agreement by which they would help each other out when the need arose. Mrs. Janney testified that another funeral director picked up the body from the morgue. She also testified that a hired chauffeur and a funeral director accompanied the body in a hearse to the cemetery.

In January 1976, Mrs. Janney applied for a renewal of her license pursuant to statutory mandate. In order to do so, she had to list all employees and their certificate numbers. She listed Bailey as a trainee under a number he gave her. Later it was discovered that Bailey's number was not a certified trainee's number but was a student exam number. She admitted that she never required Bailey to show her his certificate or display it in the office as required by statute. She also admitted having knowledge of the rule that even a trainee cannot act independently of a funeral director but is subject to the director's supervision. She testified that she saw the Hudson family arrive and leave but admitted that Bailey was alone with them when the arrangements were made; and that no licensed funeral director was actually with Bailey. She stated, however, that she was a licensed funeral director and was on the premises for supervision at that time.

Ernestine Biggs testified that she had no knowledge as to whether Bailey operated with or without the supervision of a funeral director since she was not always present at the funeral home and was not involved in daily operations. She testified that she was not involved in the Hudson funeral nor the hiring of Bailey, and that Eva Janney was the manager.

The Board of Examiners found that Biggs and Janney did allow Dennis Bailey, an unlicensed person, to perform the functions of a funeral

director for the Hudson funeral and recommended to the Director that their licenses be suspended for 30 days.

Thereafter, the Director granted the plaintiffs' petition for a rehearing and sent the case back to the Board for the determination of whether Bailey's acts, which included signing the contract, picking up the body, and conducting the funeral service, required a license. In response to these questions, the Board found that a license was required for each of the above-mentioned acts. The Department adopted the Board's findings and suspended the plaintiffs' licenses for 30 days.

Plaintiffs filed a complaint in the circuit court requesting administrative review of the Department's order. The trial court reversed the Department's decision on the basis it was contrary to the manifest weight of the evidence and law, was arbitrary, capricious, and unreasonable in view of the totality of the circumstances. The Department appeals the trial court's order.

## I.

■■ The Funeral Directors and Embalmers Act provides that a review of the Department's decision shall be conducted in accordance with the Administrative Review Act. (Ill. Rev. Stat. 1975, ch. 111½, par. 73.24a.) Under the Administrative Review Act, the findings and conclusions of an administrative agency on questions of fact are deemed to be prima facie true and correct. (Ill. Rev. Stat. 1975, ch. 110, par. 274.) Reviewing courts will not reweigh evidence or make independent determinations of fact so long as the findings of the agency are based on substantial evidence. (*Bruce v. Department of Registration & Education* (1963), 26 Ill. 2d 612, 622, 187 N.E.2d 711.) Such findings may not be set aside unless they are against the manifest weight of the evidence. (*Baldridge v. Department of Registration & Education* (1st Dist. 1977), 52 Ill. App. 3d 568, 574, 367 N.E.2d 95.) For a judgment to be against the manifest weight of the evidence, it must appear that an opposite conclusion is clearly evident. *Mobley v. Conlisk* (1st Dist. 1978), 59 Ill. App. 3d 1031, 1039, 376 N.E.2d 247.

It is not contested that Bailey was not licensed as a funeral director nor certified as a trainee. Rather, plaintiffs contend that Bailey was simply an employee or agent of the funeral home and performed acts for which no license or certification was required. Plaintiffs argue that substantial evidence was presented contradicting allegations that Bailey was engaged in the practice of funeral directing. However, the only evidence plaintiffs rely on to support this argument is the testimony of Mrs. Janney to the effect that another funeral director picked up the body and also took it from the funeral home to the cemetery. Mrs. Janney did not offer proof as

to the name of this person. This testimony conflicted with Mrs. Hudson's testimony that Bailey told her he would pick up the body from the morgue.

Other evidence indicated that Bailey prepared the contract for the Hudson funeral and signed his name under the words, "Approved: Biggs and Biggs Funeral Home Inc." Mrs. Hudson testified that all the funeral arrangements were made with Bailey, and it was Bailey who led the people in to view the body. The only time the Hudsons spoke with anyone besides Bailey was after the funeral in regard to the additional charge on the bill. The Department's investigator testified that when he called the funeral home, Mrs. Janney told him Bailey was the funeral director. No contradictory evidence was presented to indicate anyone else from the funeral home assisted in the Hudson funeral arrangements.

Section 2 of the Funeral Directors and Embalmers Act (Ill. Rev. Stat. 1975, ch. 111½, par. 73.2) defines the practice of funeral directing as follows:

"Conducting or engaging in or representing or holding out oneself as conducting or engaged in any *one or any combination* of the following practices, constitutes the practice of funeral directing:

(a) The practice of preparing, otherwise than by embalming, for the burial or disposal and directing and supervising the burial or disposal of deceased human bodies.

(b) The practice of providing or maintaining a place for preparing for the disposition of deceased human bodies or for caring for deceased human bodies prior to their disposition.

(c) Using in connection with his name or practice, the word 'funeral director,' 'undertaker,' 'mortician,' 'funeral home,' 'funeral parlor,' 'funeral chapel,' or any other title implying that he is engaged in the practice herein described." (Emphasis added.)

■■ In the instant case, the Board of Examiners found that Dennis Bailey signed the contract on behalf of the funeral home, picked up the body, and conducted the funeral service, all of which acts the Board found required a license. The Board should be allowed substantial discretion in construing and applying its rules. (*Miller v. Police Board* (1st Dist. 1976), 38 Ill. App. 3d 894, 899, 349 N.E.2d 544.) Based on the record, we cannot say the Board's finding was against the manifest weight of the evidence.

Plaintiffs also argue that the Department was aware or should have been aware that Bailey was not licensed when it received the application for license renewal in January which listed him as a trainee. Plaintiffs contend that the Department has a duty in such cases to protect the public by inspecting the records submitted, and neglected this duty when it

failed to notify Biggs and Janney that Bailey was unlicensed and should not now be allowed to complain.

Plaintiffs do not cite any authority to support this argument. Section 10 of the Funeral Directors and Embalmers Act (Ill. Rev. Stat. 1975, ch. 111½, par. 73.10) merely provides as follows:

> "The Department may refuse to issue, may refuse to renew, may suspend or may revoke any certificate of registration * * * (f) Upon satisfactory proof that the registrant has employed someone not legally registered or licensed in any position or for any work for which a certificate of registration or license is herein required or for using the name of any unlicensed employee; * * * or using the name of an unlicensed person in connection with any service being rendered in the practice of funeral directing."

The statute does not require that the registrant "knowingly" employed an unlicensed person.

■■ ■ The facts relied on by plaintiffs that there was a strike in the industry at the time, that the Department had knowledge of Bailey's status in January but did not file its complaint until August, and that Biggs and Biggs Funeral Home had a good reputation for a number of years and had never had its license revoked or suspended in the past, while factors to consider, are not sufficient grounds upon which to reverse the Department's decision. The court in *Aarco American, Inc. v. Baylor* (1st Dist. 1974), 18 Ill. App. 3d 14, 16, 309 N.E.2d 380, stated: "[G]enerally an honest mistake of fact will shield one from criminal prosecution, but ignorance of common or statutory law furnishes no exemption from responsibility." That an opposite conclusion is reasonable, or that the trial judge might have ruled differently, is not sufficient to reverse administrative findings. *Rolando v. School Directors* (3d Dist. 1976), 44 Ill. App. 3d 658, 661, 358 N.E.2d 945.

For the reasons stated, the judgment of the circuit court of Cook County overruling the administrative decision of the Department of Registration and Education is reversed.

Reversed.

PERLIN and HARTMAN, JJ., concur.