RAYMOND BARBOSA, Plaintiff-Appellant, v. COMMITTEE ON AC-COUNTANCY et al., Defendants-Appellees.

First District (2nd Division)  No. 87—1110

Opinion filed June 7, 1988.

Raymond Barbosa, of Oak Park, appellant *pro se.*

James T. Otis, Richard J. Jacobson, and Barbara J. Mulvanny, all of Keck, Mahin & Cate, of Chicago, for appellees.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff brought this action for declaratory judgment to compel the Committee on Accountancy of the Board of Trustees of the University of Illinois (Committee on Accountancy or Committee) to grant him a certificate as a certified public accountant (CPA) under the laws of the State of Illinois. The parties filed cross-motions for summary judgment. Plaintiff's motion was denied; the defendants' motion was granted. Plaintiff appeals.

Plaintiff took the New York CPA examination while he was a resident of that State. He could not take all four portions of the exami-

nation at the time he initially sat for it because he did not have the experience required in New York to take the auditing portion of the examination. Over a year later, New York changed its requirements to allow an individual to take the fourth part of the examination without the auditing experience, but continued to require the auditing experience before it would grant a certificate. Plaintiff immediately took and passed the fourth portion of the examination but never obtained the additional three months of auditing experience needed for certification in New York. Despite his failure to comply with that portion of the New York requirements for certification, plaintiff applied for a certificate in New York in 1979. His application was denied.

Plaintiff moved to Illinois. In October 1980, he applied to the Committee on Accountancy for an Illinois CPA certificate. In order to qualify, he requested the Committee to accept the transfer of his New York examination credits. Committee Rule 16(d) allows a person to transfer examination credits only if "he would be entitled to an Illinois certificate if he had written the examination in Illinois." 5 Ill. Reg. 8310 (1981).

The Committee on Accountancy has interpreted Rule 16(d) to require a person applying for a transfer of out-of-State credits to initially sit for all four sections of the examination at the same time. Illinois requires that its own residents initially sit for all four sections. Because plaintiff sat for only three of the four sections when he first attempted the examination in New York in 1976, the Committee denied his application.

I

Plaintiff insists that even though he was denied a New York certificate, he must be issued an Illinois certificate based on a transfer of credits of his New York examination. The Illinois Public Accounting Act (Act) governs the issuance of a certificate as a CPA. (Ill. Rev. Stat. 1985, ch. 111, par. 5500 et seq.) It provides "that a public authority competent to prescribe and assess the qualifications of public accountants be established." (Ill. Rev. Stat. 1985, ch. 111, par. 5500.02(b).) The University of Illinois was designated as that authority. "The University shall *** appoint 5 examiners" to conduct examinations "at least twice a year." (Ill. Rev. Stat. 1985, ch. 111, par. 5502.) The examiners are referred to as the "Committee on Accountancy." The Act enumerates the minimum qualifications of applicants. (Ill. Rev. Stat. 1985, ch. 111, par. 5504.) "The University shall adopt all necessary and reasonable rules and regulations for the effective

administration *** of this Act ***. Without limiting the foregoing, the University shall adopt and prescribe rules and regulations *** for the transfer of credits from other jurisdictions with respect to subjects passed." (Ill. Rev. Stat. 1985, ch. 111, par. 5502.) "It is the policy of this State and the purpose of this Act: *** (b) To protect the public interest by requiring that persons engaged in the practice of public accounting be qualified ***." Ill. Rev. Stat. 1985, ch. 111, par. 5500.02(b).

Rule 16(d), which is at issue in this case, was adopted by the board of trustees of the University of Illinois and provides as follows:

"(d) Transfer of Credits by Candidate Who Has Passed the Examination in Another State

A person who has passed the entire examination in another state but who, because of his nonresidency in that state, is ineligible to obtain his certificate from such other state may transfer his credits and receive his certificate in Illinois *provided* that:

(1) he meets the educational, citizenship, and residence requirements of the Illinois statute; and

(2) *he would be entitled to an Illinois certificate if he had written the examination in Illinois.*" (Emphasis added.) 5 Ill. Reg. 8310 (1981).

The rule was written and proposed by the Committee. Mrs. Richardson of the Committee on Accountancy testified that she had personal recollection of the adoption of Rule 16(d)(2) and that she attended two meetings of the Committee at which the proposed Rule 16(d)(2) was discussed. At the first meeting, there was a discussion concerning the drafting of Rule 16(d)(2). In that discussion, "[a] major consideration was that persons who had taken the examination in other states not be given advantages over those who wrote as Illinois candidates." Mrs. Richardson added, "Specifically, the consideration that some states do allow partial writing of the examination, and that would be a definite discrimination against Illinois candidates."

Thus, a major concern of the Committee was that allowing the transfer of credits in situations where the out-of-State examinee did not write all four parts of the examination initially would impose unfair and discriminatory burdens on Illinois candidates. Responding to this concern, the Committee drafted and proposed Rule 16(d)(2) in order to prevent such discrimination against Illinois candidates, who are required to write all four parts of the examination at their initial testing. Accordingly, Rule 16(d)(2) has been uniformly and consistently interpreted by the Committee, whose members drafted and pro-

posed the rule, to require out-of-State examinees to write the examination in the same manner as required of Illinois examinees in order to obtain Illinois credit for an out-of-State examination.

■ Deference should be given to the Committee's own interpretation of the rule it has developed. (*Rend Lake College Federation of Teachers, Local 3708 v. Board of Community College, District No. 521* (1980), 84 Ill. App. 3d 308, 311, 405 N.E.2d 364.) In addition, an administrative body such as the Committee should be allowed substantial discretion in construing and applying its rules. (*Biggs v. Department of Registration & Education* (1979), 70 Ill. App. 3d 874, 878, 388 N.E.2d 1099.) The foregoing principles have their greatest impact in situations such as this, where some of the very same persons who promulgated the rule are charged with its interpretation and enforcement.

■ Plaintiff does not challenge the authority of the university to adopt its rule but contends that it did not interpret the rule correctly. We conclude that the defendants correctly interpreted their rule to mean that an applicant who wishes to transfer examination credit from another State must have taken all four portions of the examination in one sitting, which is the same standard that is required of Illinois residents who take the examination in Illinois. Therefore, the Committee was not required to accept the transfer of the New York credits.

## II

Plaintiff contends that defendants' interpretation of Rule 16(d)(2) violates his constitutional right to equal protection of laws. U.S. Const. amend. XIV, §1; Ill. Const. 1970, art. I, §2.

■ Rule 16(d)(2) applies the single-sitting requirement to out-of-State examinees in the same manner that it is applied to Illinois examinees. Since the rule does not create a suspect classification, such as one based on race or ethnic origin, the rational relationship test applies. Under this test, the Illinois rule must be rationally related to its purpose. (*Anderson v. Wagner* (1978), 61 Ill. App. 3d 822, 378 N.E.2d 805, *aff'd* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, *appeal dismissed sub nom. Woodward v. Burham City Hospital* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54.) The purpose need not have been a main objective of the Illinois statute or even one that the legislators had in mind when they passed it. (*Flemming v. Nestor* (1960), 363 U.S. 603, 4 L. Ed. 2d 1435, 80 S. Ct. 1367.) As long as the classification has some reasonable basis, the Constitution will not be offended because it "is not made with mathematical nicety or be-

cause in practice it results in some inequity." (*Schweiker v. Wilson* (1981), 450 U.S. 221, 234, 67 L. Ed. 2d 186, 198, 101 S. Ct. 1074, 1077.) The Illinois Supreme Court has adopted the same standard. In order to be constitutional, a classification "is not required to be scientific, logical or consistent if it is reasonably adapted to secure the purpose for which it is intended and is not purely arbitrary." *Chatkin v. University of Illinois* (1952), 411 Ill. 105, 115-16, 103 N.E.2d 498.

Two State interests have been asserted as a basis for Rule 16(d): (1) the State's interest in not discriminating against its own residents; and (2) the State's interest in encouraging effective and rational preparation for the accountancy profession.

■ The record indicates that in some circumstances, Illinois residents have, due to ignorance of the rules or emergencies involving illness, taken only a portion of the examination in their initial sitting, passed those sections, and were not given any credit pursuant to the rule which states that the test must be taken as a whole in the initial sitting. As defendants state, to give credit to those who take the examination piecemeal in another State would discriminate against Illinois residents similarly situated. Rule 16(d) was intended to avoid this result.

Plaintiff argues, however, that the arbitrariness of the initial-sitting requirement is demonstrated by virtue of Rule 16(e). Rule 16(e) provides:

"(e) Applicants for Certificates by Reciprocity

An applicant who holds a valid unrevoked certificate as a certified public accountant issued under the laws of any other State or Territory of the United States or the District of Columbia and who meets the requirements of Section 5 of the Act shall pay a fee of $60.00 upon submission of his application." 5 Ill. Reg. 8310 (1981).

Plaintiff suggests that because not all States require an initial sitting for the entire examination, and yet an applicant with a certificate from such a State can obtain an Illinois certificate under Rule 16(e), the initial-sitting requirement under Rule 16(d)(2) has no rational basis.

The existence of Rule 16(e), however, does not affect the constitutionality of Rule 16(d)(2) for Rule 16(e) proposes an entirely different classification. It applies to applicants who hold a valid certificate issued by another State "and who meet[ ] the requirements of Section 5 of the Act." (5 Ill. Reg. 8310 (1981).) The mere possession of a certificate is not sufficient. Applicants seeking to transfer credits under Rule 16(d) are obviously in a different class from applicants who

hold a certificate from another State and seek admission by reciprocity under Rule 16(e) and section 5 of the Act. In allowing transfer of credit under Rule 16(d), the Illinois legislature has provided another method for applicants to obtain a certificate in addition to the reciprocity of Rule 16(e). Without a certificate from another State, applicants must comply with the Illinois requirements.

■■ Defendants assert as a second basis the State's interest in encouraging effective and rational preparation for the accountancy profession. An applicant is forced to obtain an initial minimum level of proficiency in all four substantive accounting areas. This reflects the Committee's policy that the practice of accountancy requires a unified mastery of the four major substantive areas.

It was the plaintiff's personal choice not to gain the additional auditing experience which may have resulted in the issuance of a New York certificate. In effect, he chooses to use his New York rejection as the basis for this court to declare Illinois Rule 16(d) unconstitutional as applied to him. The equal protection clause does not require that Illinois grant a certificate to an applicant who would not be entitled to the same privilege in the State where he originally applied. Ill. Const. 1970, art. I, §2.

We therefore conclude that defendants met the rational relationship test in the manner in which they carried out the public policy of this State and the purpose of the Act. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS* and SCARIANO, JJ., concur.

---

*Justice Stamos participated in the decision of this case prior to taking office as a supreme court judge.